IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,724-01




EX PARTE GLENDON KEITH GIRARD, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W219-80981-2011-HC IN THE 219TH DISTRICT COURT
FROM COLLIN COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failing to register
as a sex offender and sentenced to seven years’ imprisonment. He did not appeal his conviction.
            Applicant was previously convicted in Kingfisher County, Oklahoma, of lewd molestation
(cause no. F-84-70); there are no documents in the writ record from that prior conviction. Applicant
was later charged in Texas for failing to register as a sex offender based on the Oklahoma conviction.
He pled guilty under a plea agreement. Applicant complains that his trial counsel should not have
allowed him to plead guilty because he argues he was never actually required to register as a sex
offender.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
            The trial court shall order Applicant’s trial counsel to respond to the allegation that he was
ineffective for allowing Applicant to plead guilty when Applicant had no legal duty to register as a
sex offender. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
The trial court shall also supplement the writ record to this Court with the indictment in the
Oklahoma case or other charging or plea documents that show the elements of the lewd molestation
offense of conviction, as well as, the judgment of conviction or similar document and documents
indicating when Applicant was finally discharged from probation, prison, or another sentence or
disposition. The trial court shall also supply this court with information regarding whether the Texas
Department of Public Safety has made a determination whether the lewd molestation offense at issue
contains elements that are substantially similar to elements of a reportable sex offense in Texas. See
Crabtree v. Texas, 389 S.W.3d 820 (Tex.Crim.App. 2012); Tex. Code Crim. Proc. art. 62.003.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the Oklahoma
lewd molestation conviction was a reportable conviction that imposed a duty on Applicant to register
as a sex offender and whether trial counsel was deficient for allowing Applicant to plead to the
offense of failing to register. The trial court may also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: July 24, 2013
Do not publish